Anton Ewing (not an attorney)
3077 B Clairemont Drive #372
San Diego, CA 92117
619-719-9640

Plaintiff In Pro Per



**FILED**

Jun 08 2021

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          s/ jenniferm          DEPUTY

# UNITED STATES FEDERAL DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

Anton Ewing, an individual,

            Plaintiff,

      vs.

PDX Capital Fund Corporation, an
Oregon corporation; and
Abdiel Castellanos, an individual

            Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Case No. 3:20-cv-00017-AJB
MDD

[*The Honorable District Judge Anthony
J. Battaglia*]

**NOTICE OF PLAINTIFF'S
MOTION FOR DEFAULT
JUDGMENT PURSUANT TO FRCP
55(b)**

**Courtroom: 4A**
**Hearing Date:  7/8/2021**
**Time: 2:00 PM**

Please take notice that on July 8, 2021 at 2:00PM, pursuant to FRCP 55(b),

Plaintiff Anton Ewing will move the Court for entry of default judgment against

Defendants PDX Capital Fund Corporation and Abdiel Castellanos for multiple

TCPA and CIPA violations.  The Court may order the matter submitted on the

papers.

Dated:  May 28, 2021

                              Anton Ewing
                              /S/ Anton Ewing
                              Anton Ewing, Plaintiff

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT PURSUANT TO FRCP 55(b) - 1

20CV0017

1  Anton Ewing
   3077 B Clairemont Drive #372
2  San Diego, CA 92117
   619-719-9640
3

4

5  Plaintiff In Pro Per

6

7

8  ## UNITED STATES FEDERAL DISTRICT COURT

9  ## SOUTHERN DISTRICT OF CALIFORNIA

10

11  ANTON EWING, an individual

12            Plaintiff,

13      vs.

14  PDX Capital Fund Corporation, an
    Oregon corporation; and
15  Abdiel Castellanos, an individual,

16

17            Defendants.

18

19

20

21

22

| Civil Case No. 20-cv-00017-AJB MDD |
|---|
| [*The Hon. Judge Anthony J. Battaglia* ] |
| **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT PURSUANT TO FRCP 55(b).** |
| **MEMORANDUM OF POINTS AND AUTHORITIES** |
| **Courtroom: 4A** **Hearing Date: 7/8/2021** **Time: 2:00 PM** |
| **NO ORAL ARGUMENT UNLESS ORDER BY THE COURT** |

23

24

25

20CV0017

1

## Table of Contents

2  PROCEDURAL HISTORY ................................................................... 6

3  MEMORANDUM OF POINTS AND AUTHORITIES ..................................... 6

4
   RELEVANT FACTS ALLEGED IN THE COMPLAINT ............................... 8
5
6  SUMMARY OF LEGAL ANALSYS................................................................. 10

7  EVIDENCE OF DEFENDANT'S PHONE NUMBER..................................... 17

8  THREE FACTORS FOR AMOUNT OF DAMAGES..................................... 18

9
   CONCLUSION .............................................................................................. 19
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

20CV0017

1.      Plaintiff Anton Ewing ("Ewing") hereby respectfully moves the Court, pursuant to Federal Rule of Civil Procedure 55(b), to enter default judgment, jointly and severally, against PDX Capital Fund Corporation, (herein "PDX Capital") and Abdiel Castellanos  in the amount of $24,000 for violation of the TCPA, 47 USC §227(b)(1) and (c)(5), and CIPA, PC §632.7 and §637.2, invasion of privacy, and illegal recording.   In Complaint paragraph 12 at PageID.4, Plaintiff stated that he received 3 calls from Defendants from the telephone numbers listed therein on the dates and times shown.   3 violations x $3,000 per violation is $9,000.  $1,500 for each willful violation of section 227(b)(1)(A) and $1,500 for each willful violation of section 227(c)(5).  *See* PageID.4.   In the alternative, Plaintiff moves the Court to enter default judgement as to liability only and thereafter allow Plaintiff, pursuant to FRCP 55(b)(2), to engage in limited discovery as to the amount of damages only.  Said discovery request is limited and restricted solely to taking the deposition of the Defendant Abdiel Castellanos for a maximum of two hours as provided in the Rules.  The purpose of the deposition is to determine the number of calls made and text messages sent to Plaintiff by Defendants.  The deposition would be *duces tecum* and Defendant would be given 33 days advance notice.  This discovery request is not for interrogatories or requests for admissions.

20CV0017

2.     It appears that, pursuant to the authority vested in Rule 26(d)(1) and Rule 55(b)(2), courts have allowed discovery on the issue of damages after the entry of default. *See Alstom Power, Inc. v. Graham*, No. 3:15-cv-174, 2016 U.S. Dist. LEXIS 10112, 2016 WL 354754, at *3 (E.D. Va. Jan, 27, 2016)(collecting cases and allowing the plaintiff to "engage in discovery limited to ascertaining the existence and amount of damages for its three causes of action."); *Tristrata Tech., Inc. v. Medical Skin Therapy Research, Inc.*, 270 F.R.D. 161, 163 (D. Del. 2010) (noting that the plaintiff was "granted leave to conduct discovery on the issue of damages" after the entry of default against the defendant); *DIRECTV, Inc. v. Guzzi*, 308 F. Supp. 2d 788,790-91 (E.D. Mich. 2004) (granting motion for default judgment as to liability only and ordering limited discovery "with respect to the amount of damages and attorney fees to be assessed" against defendants in default). *Oakley, Inc. v. Moda Collection, LLC*, No. SACV 16-160-JLS (JCGx), 2016 U.S. Dist. LEXIS 191048, at *19-20 (C.D. Cal. June 9, 2016)

3.     In addition to both of the willful violations of the TCPA under §227(b)(1) and (c)(5), Plaintiff also plead for the $5,000 per call in California Penal Code section §632.7 and §637.2 for recording a call to a cellular without warning at the beginning of the calls. *See* Complaint paragraph 90 and 91.   Three calls at $5,000 each for recording adds $15,000 to the above calculated $9,000 for TCPA violations.  Plaintiff is requesting total monetary judgement of $24,000 plus

injunctive relief as provided in CIPA and the TCPA to prohibit and prevent future

violations of the law to protect Plaintiff from further harassment and annoyance.

**PROCEDURAL HISTORY**

4.     On January 3, 2020, Plaintiff Anton Ewing initiated this action by filing a

Complaint against Defendants PDX Capital Fund Corporation and Abdiel

Castellanos. (ECF No. 1). Service on the corporation defendant was accomplish

but then the individual defendant skipped town and moved from Oregon to Florida.

Finally, in January of 2021, Plaintiff filed a proof of service on Abdiel Castellanos

and then requested entry of Default on March 15, 2021 at ECF No. 11. The Clerk

of the Court has now entered default on all named and served defendants.

5.     Plaintiff now files a motion for default judgment against Defendant PDX

Capital Fund Corporation and Abdiel Castellanos according to the allegations

contain in the Complaint, which must now be taken as true and correct. The

factors laid out in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) are set

forth below.

**MEMORANDUM OF POINTS AND AUTHORITIES**

6.     While the FBI and US DOJ would never actually prosecute someone for a

Title 47 violation, it appears that it is a crime to violate 47 USC §501 by doing

what has been made "unlawful" under 47 USC §227, that is, telemarketing with an

ATDS. No natural person can employ another person (legal or natural) to commit

his crimes.  Abdiel Castellanos did just that by setting up PDX Capital Fund

Corporation to robo-dial Plaintiff.  Corporations act by and through their owners,

officers and directors.  Abdiel Castellanos is the owner, officer and director of

Defendant PDX Capital.

7.      Defendant Abdiel Castellanos knows what he is doing is wrong and illegal.

In that regard, Plaintiff is asking the Court to enter a permanent injunction against

Defendant Abdiel Castellanos and his PDX Capital Fund Corporation, as is

expressly provided in both 47 USC §227(b)(3)(A) and 47 USC §227(c)(5)(A)  ("*an*

*action based on a violation of the regulations prescribed under this subsection to*

*enjoin such violation*").  Plaintiff continues to receive Abdiel Castellanos's pre-

recorded scam messages on his phone even to this day.    Mr. Abdiel Castellanos

does not even want to take the time and effort to delete Plaintiff phone number

from his robodialing machine.

8.      Respectfully, Defendant Abdiel Castellanos knows that telemarketing with a

robodialer to numbers registered on www.donotcall.gov is illegal.  He is just

making way too much money to care about obeying the law by suckering people

into thinking that Mr. Abdiel Castellanos has the perfect solution to their loan and

finance problems.  The Court is requested to send Abdiel Castellanos a message

that will finally give him a "wake-up call."

20CV0017

**RELEVANT FACTS ALLEGED IN THE COMPLAINT**

9.     Paragraph 13 of the Complaint states that Defendants called Plaintiff from

on January 2, 2020. Paragraph 13 also states that Defendants used an ATDS to

make the call and there was a recorded message.  Civil Code §1770(a)(22)(A)

exactly prohibits the pre-recorded message that Defendants sent; however, unlike

the TCPA, there is no dollar amount listed in §1770 for each violation.  It would

appear that it is within the Court's sound discretion to assign a dollar amount to the

damages associated with this invasion of privacy.

10.    Paragraphs 22 of the Complaint states what phone number Defendant Abdiel

Castellanos called from (407-777-6856) and what number they dialed to (-9640).

11.    Plaintiff has attached a true, correct and accurate copy of his ATT phone bill

showing, on January 2, 2020, the following calls were made by Defendants to

Plaintiff:

     a.  8:23 AM from 407-777-6856

     b.  8:43 AM from 971-864-3482

     c.  10:00 AM from 971-864-3482

12.    It is important to note that on the first call, as stated in the Complaint, the

caller knew Plaintiff's name, email and address.  This means that there was at least

one call prior to this call.  However, without any discovery, it will be impossible to

accurately determine how many calls were made in total.

13. The internet web page https://pdxcapitalfund.com/ belongs to Defendants and it lists the phone number 971-864-3482 right on that web page.

14.    The California Department of Justice requires telemarketers to registered and post a $50,000 bond.  Defendants have failed to do this.   See Complaint paragraphs 24 and 27.

15.    Paragraph 30 of the Complaint also states that Defendant Castellanos called Plaintiff from 971-864-3482.

16.    Paragraph 32 states that Defendant PDX Capital failed to provide Plaintiff with a copy of their Do Not Call policy.  This is a violation of the regulations incorporated in §227(c)(5) of Title 47.

17.    The Complaint establishes a 47 USC §227(c)(5) violation because Plaintiff registered his phone more than 31 days prior to the offending calls.

18.    The TCPA is a strict liability statute and thus Plaintiff is not required to prove duty, breach, causation and damages like the prima facie elements of a negligence case.  Plaintiff put his phone number on www.donotcall.gov.  Plaintiff was called with an ATDS by Defendant PDX Capital Fund Corporation.  Plaintiff was called by Abdiel Castellanos with a prerecorded message each time.

19.    Plaintiff is requesting the Court to enter an injunction against defaulted Defendant Abdiel Castellanos to prohibit him from violating the TCPA in the future.

20CV0017

20.     Plaintiff has 40 emails from Defendant Castellanos.  He clearly knows about the lawsuit and has chosen to not defend against it.  Several of the more relevant emails are attached to this motion as exhibits.

### SUMMARY OF LEGAL ANALSYS

21.     Upon default, the factual allegations in the complaint are taken as true, except those related to the amount of damages. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see* Fed. R. Civ. P. 8(b)(6).  Allegations of damages must be proven. *See Geddes, 559 F.2d at 560.* "The plaintiff is required to provide evidence of its damages, and the damages sought must not be different in kind or amount from those set forth in the complaint." *Amini Innovation Corp. v. KTY Int'l. Mktg.*, 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011) (citing *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003)). When "proving-up" damages, admissible evidence supporting damage calculations is required. *Id.*

22.     "Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure

favoring decisions on the merits. 6 Moore's Federal Practice para. 55-05[2], at 55-24 to 55-26." *Eitel v. McCool* (9th Cir. 1986) 782 F.2d 1470, 1471-1472.

### a. Possibility of Prejudice to the Plaintiff

    i. There is a possibility of prejudice to a plaintiff when denying default judgment would leave them without an alternate recourse for recovery. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). "[In the absence of a default judgment, Plaintiff will be severely prejudiced because he will not be allowed to litigate his claims and will be effectively denied all relief." (*Id.* at 6.) Thus, this factor weighs in favor of granting default judgment.

### b. Merits of Plaintiff's Substantive Claim

    i. Under the second and third *Eitel* factors, the Court must examine whether the plaintiff has pled facts sufficient to establish and succeed on its claims. *See Eitel*, 782 F.2d at 1471. These factors require the complaint "state a claim on which the plaintiff may recover." *PepsiCo*, 238 F. Supp. 2d at 1175. Plaintiff argues he has stated a prima facie claim under the TCPA for both a willful and a negligent violation as well as CIPA violations under PC §637.2 and §632.7.   See also

Complaint paragraphs 15, 54, and 86.  The Fifth Cause of

Action put Defendants on notice of the CIPA violations.

ii. Under the TCPA, Plaintiff must establish that (1) the phone

calls were made using an automatic telephone dialing system

("ATDS"); (2) they were the "called party;" and (3) that

defendant did not have Plaintiff's prior consent to make the

calls. 47 U.S.C. § 227(b)(1)(A)(iii); *Meyer v. Portfolio*

*Recovery Associates, LLC*, 77 F.3d 1036, 1043 (9th Cir. 2012).

iii. Under the first element, Plaintiff sufficiently alleged

Defendants' calls to him were made using an ATDS. Regarding

the second element, Plaintiff alleges he was the "called party"

because the phone number Defendant dialed belonged to him.

As for the last requirement, Plaintiff alleges he never gave

Defendant consent to contact him and his number was on the

Do Not Call list.  Thus, the Court should find Plaintiff pled

sufficient facts to succeed on his TCPA claims.

**c. Sufficiency of the Complaint**

i. "[T]he court must consider the amount of money at stake in

relation to the seriousness of Defendant's conduct." *PepsiCo*,

238 F. Supp. 2d at 1176. Default judgment is disfavored where

the sum of money at stake is too large or unreasonable in light

of defendant's actions. See *Totten v. Hurrell*, No. 00–2718,

2001 U.S. Dist. LEXIS 20259, at *2 (N.D. Cal. Nov. 28, 2001)

(stating that "the 'sum of money at stake' factor [under *Eitel*] is

meant to focus on the size of the award requested, as courts are

hesitant to enter default judgments where large sums of money

are at stake," and finding an award of $19,977.74 not a "large

money judgment" in today's world). The $16,000 requested by

Plaintiff is not unreasonably large given the scale of Defendant

Abdiel Castellanos's operations which is proven by the other

class action lawsuit that has been filed against him. No TCPA

case filed against them in the past has resulted in a win for

Defendant.

### d. Sum of Money at Stake

    i. It is squarely within the Court's sound and complete discretion

to award treble damages or not. Plaintiff requests $1,500 in

treble damages for the intentional or willful TCPA violations. "If

the court finds that the defendant willfully or knowingly

violated" the TCPA, it may award treble damages. 47 U.S.C. §

227(b)(3)(C). Here, Defendants' willfulness is clearly pled and

their past acts against others who have filed TCPA actions
against him is judicially noticeable.  Plaintiff alleges significant
facts regarding Defendant's willfulness and intent.  The facts
Plaintiff includes go to willfulness are the fact that his phone
numbers was placed on the National Do Not Call Registry.
Ewing clearly posts on his own web pages to not call.   While it
is true that even a single, non-consented to phone call violates the
TCPA, there must be something more than just the single call to
constitute willfulness, otherwise every violation of the TCPA
would be *per se* willful. Questions the complaint answers include
whether Defendant had prior knowledge of the phone number's
registration on the Do Not Call List and that Defendants had a
duty to check.

ii.  One court defines a willful violation as when a "Plaintiff
notifies Defendant to stop calling and Defendant disregards the
request." *Sapan v. Authority Tax Services, LLC*, Civil No.
13cv2782 JAH (JLB), 2014 WL 12493282, at *2 (S.D. Cal. July
15, 2014).  Here, Defendant Abdiel Castellanos called Plaintiff at
least two times. That court stated "[t]he purpose of the TCPA is
for defendants' to prevent repeated, unwanted telemarketing calls

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT PURSUANT TO FRCP 55(b) - 14

by honoring do-not-call requests." Other courts have acknowledged a split in authority as to "what predicate conduct is required before a treble damages awar[d] be issued." *J2 Global Communications, Inc. v. Blue Jay Inc.*, No. C 08-4254 PJH, 2009 WL 4572726, at *7 (N.D. Cal. Dec. 1, 2009) (noting the split is between (1) whether the defendant needs knowledge that their conduct violated the law and (2) whether that merely sending the unsolicited communication was enough, even if the defendant had no knowledge it was breaking the law).

iii. Here, the Court should find enough in the complaint to support a finding that Defendant Abdiel Castellanos acted willfully or knowingly violated the law. *See Sapan*, 2014 WL 12493282 at *3 (finding plaintiff sufficiently pled recovery of trebled damages when defendant made 2 phone calls without consent and while plaintiff's number was registered on the Do Not Call List).

### e. Possibility of a Dispute Concerning Material Facts

i. The next pertinent *Eitel* factor considers whether there are disputed material facts. "Upon entry of default, all well pleaded facts in the complaint are taken as true, except those relating to damages." *PepsiCo*, 238 F. Supp. 2d at 1177. Here, Plaintiff

20CV0017

has alleged sufficient facts to support his claims as analyzed above. Moreover, because Defendants failed to participate in litigation, the clerk entered default against them, submitting all well pleaded facts as true. Thus, there is no dispute of material facts and this factor favors the entry of default judgment against defendant.

**f.  If Default was Due to Excusable Neglect**

    i.  There is no indication that Defendants allowed its default to be taken as a result of excusable neglect.  After being served with the complaint, Defendants simply failed to respond or even participate in defending itself and himself.  The Court has nothing to support a finding that Defendant's neglect was excusable. Consequently, this factor weighs in favor of the entry of default judgment.

**g.  Policy Favoring Decisions on the Merits**

    i.  Although default judgment is disfavored, a decision on the merits is impractical, if not impossible, when the defendants takes no part in the action. *Penpower Technology Ltd. v. S.P.C. Technology*, 627 F. Supp. 2d 1083, 1093 (N.D. Cal. 2008). Given that Defendants have failed to respond, the general

20CV0017

preference for resolution on the merits is not equally applicable.

*See, e.g., id.* In sum, the relevant considerations weigh in favor

of entry of default judgment against both Defendants, jointly.

## EVIDENCE OF DEFENDANT'S PHONE NUMBER

23.    A standard practice of telemarketers is to use a rather simple telephone

number ID spoofing application.  Defendants have exactly done this.  Spoofing

is the act of deceptively faking another number for your own number on a caller

ID of the recipient[1].  Further, sophisticated telemarketers, like this Defendant,

often use junk or throw-away numbers from Googlevoice.  Anyone can obtain

dozens of linked phone numbers from Googlevoice in a matter of seconds, for

free[2].  Telemarketers are getting more and more clever and cunning, just like

Defendant Abdiel Castellanos.  Notwithstanding, Defendant Abdiel Castellanos

used the above stated numbers to call Ewing on the dates and times shown.

Each call contains or justifies $1,500 for violating §227(b) by using an ATDS;

plus $1,500 for violating §227(c) for calling a DNC registered phone, or plus

$1,500 for failure to send a written copy of the DNC policy after express

---

[1] And thus the phone bill as well.

[2] https://voice.google.com/signup  then pick a number from whatever location, enter cell number, confirm the PIN code that is sent via text and that is all it takes to become a spammer.  The Court is encouraged to see how powerful and dangerous this technology is or how it could be used by telemarketers for harassing millions of Americans.

20CV0017

request therefor, or plus $1,500 for failure to identify caller in the beginning of

each call; plus $5,000 for the recording in violation of PC §637.2.

## THREE FACTORS FOR AMOUNT OF DAMAGES

The Court must address three issues when considering TCPA damages. *See,*

*e.g., Heidorn*, 2013 U.S. Dist. LEXIS 177166, 2013 WL 6571629 at *15-17; *j2*

*Global Commc'ns*, 2009 U.S. Dist. LEXIS 111609, 2009 WL 4572726 at *7-

8; *Roylance v. ALG Real Estate Services, Inc.*, No. 5:14-cv-02445-PSG, 2015 U.S.

Dist. LEXIS 44930, 2015 WL 1522244 (N.D. Cal. March 16, 2015) *adopted as*

*modified by* No. 14-cv-02445-BLF, 2015 U.S. Dist. LEXIS 44933, 2015 WL

1544229 (N.D. Cal. April 3, 2015). First, the Court must determine the number

of TCPA violations the Plaintiff has established. *Heidorn*, 2013 U.S. Dist. LEXIS

177166, 2013 WL 6571629 at *15; *Roylance*, 2015 U.S. Dist. LEXIS 44930, 2015

WL 1522244 at *9.   Here, Ewing established multiple violations under §§

227(b) and (c).  Ewing establishes that each of the 3 calls that he received from

Abdiel Castellanos violated the TCPA's prohibition on automated telephone calls.

Ewing also establishes 3 violations for failure to identify the caller[3] and 3

violations for initiating a call without an internal do-not-call policy available upon

demand.  Ewing establishes that the calls were made in violation of the national

do-not-call list (registry) because he provides evidence that his number was on the

---

[3] Additionally, the Telemarketing Sales Rule from the FCC sets for that each telemarketer is required to disclose who they are at the beginning of the call.  Defendants did not do this.  Further, fraudulently disclosing that you are certified and licensed by Google is not a disclosure within the meaning of the TSR.

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT PURSUANT TO FRCP 55(b) - 18

1    list during the relevant time (Ewing registered 619-719-9640 on 2/16/2012 – all

2    were at least 31 days prior to the offending calls).

3

**CONCLUSION**

4

5      **Wherefore,** the Court should grant Plaintiff's motion for default judgment in

6    the amount of $16,000 plus an injunction because the defaulted Defendants have

7    admitted to wrongdoing and default has been entered against them in this matter.

8    Additionally, Plaintiff has shown that each of the *Eitel* factors tip the scales of

9    justice toward entry of judgment as plead and proven.

10           Dated:  February 22, 2021

11

12                         Anton Ewing

                           /S/ Anton Ewing

13                         Anton Ewing, Plaintiff

                        Pro per

14

15

16

17

18

19

20

21

22

23

24

25

1

2                              **Cases**

3   *Amini Innovation Corp. v. KTY Int'l. Mktg.*, 768 F. Supp. 2d 1049, 1054 (C.D. Cal.

4      2011) ............................................................................................................ 10

5   *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) ........................................ 7

6   *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ............................. 10

7   *Global Commc'ns*, 2009 U.S. Dist. LEXIS 111609, 2009 WL 4572726 ................ 18

8   *Heidorn*, 2013 U.S. Dist. LEXIS 177166, 2013 WL 6571629 ............................... 18

9   *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal.

10     2003) ............................................................................................................ 10

11  *Roylance v. ALG Real Estate Services, Inc.*, No. 5:14-cv-02445-PSG, 2015 U.S.

12     Dist. LEXIS 44930 ...................................................................................... 18

13

14

15

16

17

18

19

20

21

22

23

24

25

20CV0017

# PROOF OF SERVICE

I, Anton Ewing, am over 18, a pro per plaintiff in this matter. I have filed this Motion for Entry of Default Judgment and had it served on Defendants as follows:

**3:20-cv-0017 AJB MDD Notice has been electronically mailed to:**

I have also emailed a copy of this document to Defendant directly at the email address he uses to communicate with me at:

Additionally I mailed this pleading, first class postage prepaid, to:

PDX Capital Fund Corporation
Abdiel Castellanos
102 Sandy Ave
Tampa, FL 33615

All ECF users in this case have been served with a true and accurate copy via email.

I swear under penalty of perjury that the above was served as stated.
Dated: May 28, 2021

/S/ Anton Ewing
Anton Ewing

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT PURSUANT TO FRCP 55(b) - 21

20CV0017

# EXHIBIT 'A'


**AT&T**

Page: 7 of 27
Issue Date: Jan 09, 2020
Account Number: 337032098931

*...619.719.9640 continued*

| Time | Place Called | Number Called | Rate Code | Feature Code | Min | Airtime Charges | LD/Addl Charges |
|------|------|------|------|------|------|------|------|
| **Friday, Dec 27** | | | | | | | |
| 08:14am | INCOMI CL | 760.500.7509 | SDDV | | 2 | $0.00 | $0.00 |
| 08:54am | VISTA CA | 760.500.7509 | SDDV | | 1 | $0.00 | $0.00 |
| 08:57am | INCOMI CL | 619.865.3442 | SDDV | | 4 | $0.00 | $0.00 |
| 09:12am | INCOMI CL | 619.541.3623 | SDDV | | 1 | $0.00 | $0.00 |
| 09:19am | INCOMI CL | 760.500.7509 | SDDV | | 16 | $0.00 | $0.00 |
| 10:27am | SNDG S CA | 619.822.5753 | SDDV | | 1 | $0.00 | $0.00 |
| 10:52am | ONTARI CA | 909.284.1299 | SDDV | | 5 | $0.00 | $0.00 |
| 10:59am | CORONA CA | 619.347.0726 | SDDV | | 1 | $0.00 | $0.00 |
| 11:25am | INCOMI CL | 619.347.0726 | SDDV | | 2 | $0.00 | $0.00 |
| 12:19pm | Toll F CL | 866.915.0711 | SDDV | | 1 | $0.00 | $0.00 |
| 12:36pm | SNDG S CA | 619.822.5753 | SDDV | | 1 | $0.00 | $0.00 |
| 12:37pm | INCOMI CL | 619.822.5753 | SDDV | | 2 | $0.00 | $0.00 |
| 12:41pm | Toll F CL | 800.593.4740 | SDDV | | 1 | $0.00 | $0.00 |
| 01:15pm | INCOMI CL | 619.347.0726 | SDDV | | 1 | $0.00 | $0.00 |
| 01:21pm | CORONA CA | 619.347.0726 | SDDV | | 4 | $0.00 | $0.00 |
| **Saturday, Dec 28** | | | | | | | |
| 12:58pm | SNDG S CA | 619.559.2223 | SDDV | | 1 | $0.00 | $0.00 |
| 01:00pm | CORONA CA | 619.347.0726 | SDDV | | 2 | $0.00 | $0.00 |
| 01:24pm | INCOMI CL | 619.347.0726 | SDDV | | 1 | $0.00 | $0.00 |
| 03:21pm | INCOMI CL | 619.985.8972 | SDDV | | 1 | $0.00 | $0.00 |
| 03:56pm | CORONA CA | 619.347.0726 | SDDV | | 2 | $0.00 | $0.00 |
| 04:38pm | CORONA CA | 619.347.0726 | SDDV | | 2 | $0.00 | $0.00 |
| 04:45pm | INCOMI CL | 619.347.0726 | SDDV | | 1 | $0.00 | $0.00 |
| 06:56pm | INCOMI CL | 619.300.5500 | SDDV | | 1 | $0.00 | $0.00 |
| **Sunday, Dec 29** | | | | | | | |
| 10:42am | INCOMI CL | 619.347.0726 | SDDV | | 3 | $0.00 | $0.00 |
| 12:43pm | INCOMI CL | 619.347.0726 | SDDV | | 1 | $0.00 | $0.00 |
| 04:36pm | SNDG S CA | 619.954.1678 | SDDV | | 1 | $0.00 | $0.00 |
| 04:55pm | SNDG S CA | 619.954.1678 | SDDV | | 3 | $0.00 | $0.00 |
| **Monday, Dec 30** | | | | | | | |
| 06:51am | BLOCKED | 000.000.0000 | SDDV | | 3 | $0.00 | $0.00 |
| 07:23am | INCOMI CL | 619.719.3891 | SDDV | | 9 | $0.00 | $0.00 |
| 09:53am | INCOMI CL | 619.719.2777 | SDDV | | 1 | $0.00 | $0.00 |
| 10:00am | SNDG S CA | 619.376.1084 | SDDV | | 3 | $0.00 | $0.00 |
| 10:04am | POWAY CA | 858.204.8470 | SDDV | | 6 | $0.00 | $0.00 |
| 10:10am | SAN MA CA | 760.744.7191 | SDDV | | 1 | $0.00 | $0.00 |
| 10:49am | OMAHA NE | 402.935.7733 | SDDV | | 1 | $0.00 | $0.00 |
| 12:09pm | CORONA CA | 619.347.0726 | SDDV | | 4 | $0.00 | $0.00 |
| 04:27pm | INCOMI CL | 951.956.2123 | SDDV | | 8 | $0.00 | $0.00 |
| 05:14pm | INCOMI CL | 619.347.0726 | SDDV | | 1 | $0.00 | $0.00 |
| **Tuesday, Dec 31** | | | | | | | |
| 08:44am | CORONA CA | 619.865.3442 | SDDV | | 1 | $0.00 | $0.00 |
| 09:35am | CORONA CA | 619.865.3442 | SDDV | | 1 | $0.00 | $0.00 |
| 09:43am | CORONA CA | 619.865.3442 | SDDV | | 1 | $0.00 | $0.00 |
| 09:44am | CORONA CA | 619.347.0726 | SDDV | | 1 | $0.00 | $0.00 |
| 09:47am | CORONA CA | 619.865.3442 | SDDV | | 1 | $0.00 | $0.00 |
| 09:55am | CORONA CA | 619.347.0726 | SDDV | | 1 | $0.00 | $0.00 |
| 09:57am | POWAY CA | 858.204.8470 | SDDV | | 3 | $0.00 | $0.00 |
| 10:04am | INCOMI CL | 619.347.0726 | SDDV | | 2 | $0.00 | $0.00 |
| 10:10am | INCOMI CL | 619.865.3442 | SDDV | | 1 | $0.00 | $0.00 |
| 10:14am | CORONA CA | 619.865.3442 | SDDV | | 1 | $0.00 | $0.00 |
| 10:17am | SNDG S CA | 619.224.4161 | SDDV | | 4 | $0.00 | $0.00 |
| 10:21am | INCOMI CL | 858.204.8470 | SDDV | | 1 | $0.00 | $0.00 |
| 10:46am | CORONA CA | 619.865.3442 | SDDV | | 1 | $0.00 | $0.00 |
| 11:04am | INCOMI CL | 619.347.0726 | SDDV | | 1 | $0.00 | $0.00 |
| 03:54pm | CORONA CA | 619.347.0726 | SDDV | | 2 | $0.00 | $0.00 |
| 04:43pm | INCOMI CL | 619.347.0726 | SDDV | | 1 | $0.00 | $0.00 |
| 04:47pm | CORONA CA | 619.347.0726 | SDDV | | 2 | $0.00 | $0.00 |
| 04:48pm | INCOMI CL | 858.568.1399 | SDDV | | 1 | $0.00 | $0.00 |
| 04:50pm | INCOMI CL | 858.568.1399 | SDDV | | 8 | $0.00 | $0.00 |
| **Wednesday, Jan 01** | | | | | | | |
| 08:32am | INCOMI CL | 773.375.0810 | SDDV | | 4 | $0.00 | $0.00 |
| 08:54am | CORONA CA | 619.347.0726 | SDDV | | 1 | $0.00 | $0.00 |
| 11:51am | CORONA CA | 619.347.0726 | SDDV | | 1 | $0.00 | $0.00 |
| 11:52am | INCOMI CL | 619.347.0726 | SDDV | | 1 | $0.00 | $0.00 |
| **Thursday, Jan 02** | | | | | | | |
| 08:04am | Toll F CL | 855.348.0505 | SDDV | | 12 | $0.00 | $0.00 |
| 08:20am | Toll F CL | 855.233.7572 | SDDV | | 2 | $0.00 | $0.00 |
| 08:21am | SCRM N CA | 916.999.1234 | SDDV | | 4 | $0.00 | $0.00 |
| 08:23am | CALL WAIT | 407.777.6856 | SDDV | CW | 5 | $0.00 | $0.00 |
| 08:43am | INCOMI CL | 971.864.3482 | SDDV | | 2 | $0.00 | $0.00 |
| 09:05am | MIAMI FL | 786.224.0631 | SDDV | | 1 | $0.00 | $0.00 |
| 09:14am | CORONA CA | 619.347.0726 | SDDV | | 5 | $0.00 | $0.00 |
| 09:27am | INCOMI CL | 619.865.3442 | SDDV | | 1 | $0.00 | $0.00 |
| 10:00am | BEAVER OR | 971.864.3482 | SDDV | | 5 | $0.00 | $0.00 |
| 10:55am | POWAY CA | 858.204.8470 | SDDV | | 7 | $0.00 | $0.00 |
| 11:03am | POWAY CA | 858.204.8470 | SDDV | | 1 | $0.00 | $0.00 |
| 11:17am | INCOMI CL | 619.300.5500 | SDDV | | 1 | $0.00 | $0.00 |
| 11:46am | IRVINE CA | 949.929.0951 | SDDV | | 17 | $0.00 | $0.00 |
| 12:27pm | INCOMI CL | 619.347.0726 | SDDV | | 2 | $0.00 | $0.00 |
| 12:30pm | INCOMI CL | 619.865.3442 | SDDV | | 1 | $0.00 | $0.00 |
| 01:02pm | CORONA CA | 619.347.0726 | SDDV | | 1 | $0.00 | $0.00 |
| 02:31pm | CORONA CA | 619.865.3442 | SDDV | | 1 | $0.00 | $0.00 |
| 02:43pm | CORONA CA | 619.865.3442 | SDDV | | 1 | $0.00 | $0.00 |
| 03:18pm | INCOMI CL | 619.237.9399 | SDDV | | 1 | $0.00 | $0.00 |
| 03:23pm | INCOMI CL | 760.500.7509 | SDDV | | 2 | $0.00 | $0.00 |
| 05:18pm | INCOMI CL | 619.954.1678 | SDDV | | 1 | $0.00 | $0.00 |
| 05:24pm | CORONA CA | 619.347.0726 | SDDV | | 1 | $0.00 | $0.00 |
| 07:19pm | INCOMI CL | 858.568.1399 | SDDV | | 2 | $0.00 | $0.00 |
| **Friday, Jan 03** | | | | | | | |
| 08:32am | INCOMI CL | 619.482.6694 | SDDV | | 3 | $0.00 | $0.00 |
| 08:39am | SNDG S CA | 619.798.2016 | SDDV | | 1 | $0.00 | $0.00 |
| 08:44am | INCOMI CL | 619.276.4600 | SDDV | | 1 | $0.00 | $0.00 |
| 09:03am | BLOCKED | 000.000.0000 | SDDV | | 1 | $0.00 | $0.00 |
| 09:08am | INCOMI CL | 619.719.2073 | SDDV | | 1 | $0.00 | $0.00 |
| 09:09am | INCOMI CL | 619.890.6405 | SDDV | | 1 | $0.00 | $0.00 |
| 09:33am | Wirele CL | 800.331.0500 | SDDV | | 19 | $0.00 | $0.00 |
| 10:02am | BLOCKED | 000.000.0000 | SDDV | | 1 | $0.00 | $0.00 |
| 10:19am | Toll F CL | 855.588.8837 | SDDV | | 2 | $0.00 | $0.00 |
| 10:36am | SNDG S CA | 619.985.8972 | SDDV | | 7 | $0.00 | $0.00 |
| 10:52am | CORONA CA | 619.347.0726 | SDDV | | 5 | $0.00 | $0.00 |
| 11:20am | INCOMI CL | 619.276.7672 | SDDV | | 1 | $0.00 | $0.00 |
| 11:22am | CORONA CA | 619.347.0726 | SDDV | | 1 | $0.00 | $0.00 |
| 12:08pm | INCOMI CL | 678.224.8820 | SDDV | | 2 | $0.00 | $0.00 |
| 12:20pm | INCOMI CL | 619.347.0726 | SDDV | | 1 | $0.00 | $0.00 |
| 12:34pm | INCOMI CL | 954.607.1464 | SDDV | | 1 | $0.00 | $0.00 |
| 12:38pm | INCOMI CL | 619.557.0912 | SDDV | | 1 | $0.00 | $0.00 |
| 12:46pm | INCOMI CL | 858.449.0541 | SDDV | | 1 | $0.00 | $0.00 |
| 01:23pm | CORONA CA | 619.347.0726 | SDDV | | 2 | $0.00 | $0.00 |
| 01:35pm | Wirele CL | 800.331.0500 | SDDV | | 11 | $0.00 | $0.00 |
| 01:47pm | INCOMI CL | 877.714.1509 | SDDV | | 12 | $0.00 | $0.00 |
| 01:57pm | CALL WAIT | 240.556.0648 | SDDV | CW | 1 | $0.00 | $0.00 |
| 02:12pm | CHULAV CA | 619.547.9837 | SDDV | | 1 | $0.00 | $0.00 |
| 02:21pm | CHULAV CA | 619.547.9837 | SDDV | | 1 | $0.00 | $0.00 |
| 02:27pm | CORONA CA | 619.347.0726 | SDDV | | 3 | $0.00 | $0.00 |
| 02:37pm | INCOMI CL | 760.500.7509 | SDDV | | 10 | $0.00 | $0.00 |
| 03:11pm | INCOMI CL | 858.568.1399 | SDDV | | 1 | $0.00 | $0.00 |

*619.719.9640 continues...*

# EXHIBIT 'B'

**Anton@AntonEwing.com**

| From: | sddronevideos+caf_=anton=antonewing.com@gmail.com on behalf of Anabelen Carrazco <acarrazco@pdxcapitalfund.com> |
|---|---|
| **Sent:** | Thursday, January 2, 2020 8:37 AM |
| **To:** | sddronevideos@gmail.com |
| **Subject:** | PDX Capital Solutions Merchant Cash Advance |
| **Attachments:** | PDX CAPITAL FUND APPLICATION.pdf |

Hello Tony,

I am sending you the application. Please make sure to fill it out and send it back to me at this email. I will also need a color photocopy of your ID and 4 months of your company's recent bank statements. Once submitted it will take 1-3 days to process the application. If you have any questions please feel free to call or text me, this is my personal phone number.

Thank you,


Ana Carrazco
(407)777-6856
PDX Capital Solutions

1

# EXHIBIT 'C'

**Anton@AntonEwing.com**

| | |
|---|---|
| **From:** | PDX Capital Fund <info@pdxcapitalfund.com> |
| **Sent:** | Friday, January 3, 2020 1:51 PM |
| **To:** | Anton A. Ewing |
| **Subject:** | Re: PDX Capital Solutions Merchant Cash Advance |

your a worthless piece of shit.

Abdiel Castellanos
PDX Capital Fund
971-864-3482
info@pdxcapitalfund.com

**From:** Anton A. Ewing <anton@antonewing.com>
**Sent:** Friday, January 3, 2020 1:45 PM
**To:** PDX Capital Fund <info@pdxcapitalfund.com>
**Cc:** Anabelen Carrazco <acarrazco@pdxcapitalfund.com>
**Subject:** Re: PDX Capital Solutions Merchant Cash Advance

Here is the copy of the federal lawsuit that I filed against you today.


Regards,

Anton A. Ewing


Circular 230 Disclaimer: To ensure compliance with Treasury Regulations governing written tax advice, please be advised that any tax advice included in this communication, including any attachments, is not intended, and cannot be used, for the purpose of (i) avoiding any federal tax penalty or (ii) promoting, marketing, or recommending any transaction or matter to another person.  I am not an attorney.

The information contained in this electronic mail message is confidential information (26 USC §7525)intended only for the use of the individual or entity named above, and may be privileged. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us, and delete the original message. Thank you.  This email does not authorize you to call me for SOLICITATION.  This email is not consent to TELEMARKET my phone number.  Any calls without express authorized consent shall be treated as a violation of 47 USC §227. All calls are recorded.

--- info@pdxcapitalfund.com wrote:

From: PDX Capital Fund <info@pdxcapitalfund.com>
To: Anton <anton@antonewing.com>, SD Drone Videos <sddronevideos@gmail.com>, Anabelen Carrazco <acarrazco@pdxcapitalfund.com>

# EXHIBIT 'D'

**Anton@AntonEwing.com**

**From:**          PDX Capital Fund <info@pdxcapitalfund.com>
**Sent:**           Wednesday, June 17, 2020 1:05 PM
**To:**              Anton
**Subject:**       Re: Hello

I dont have a specific reason. I was responsible for purchasing the list, hiring Ana, training her, and having call the list.

Abdiel Castellanos
PDX Capital Fund
971-864-3482
info@pdxcapitalfund.com

**From:** Anton <anton@antonewing.com>
**Sent:** Wednesday, June 17, 2020 12:54 PM
**To:** PDX Capital Fund <info@pdxcapitalfund.com>
**Subject:** Re: Hello

But you hired her.

You put her up to it

You paid her.

Why do you think you are not responsible

-------- Original message --------
From: PDX Capital Fund <info@pdxcapitalfund.com>
Date: 6/17/20 11:49 AM (GMT-08:00)
To: "Anton@AntonEwing.com" <anton@antonewing.com>
Subject: Re: Hello

I found the question. It was not my intention to harass anyone. It was an old list.

Sent from Outlook Mobile

**From:** Anton@AntonEwing.com <anton@antonewing.com>
**Sent:** Wednesday, June 17, 2020 11:16:19 AM
**To:** PDX Capital Fund <info@pdxcapitalfund.com>
**Subject:** RE: Hello

Why do you think it matters that I "told her [I] was interested" ?

Please answer this question. I want to know what you are thinking.

1