UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING,<br><br>          Plaintiff,<br><br>v.<br><br>PDX CAPITAL FUND CORPORATION, an Oregon Corporation; and ABDIEL CASTELLANOS, an individual,<br><br>          Defendants. | Case No.: 3:20-cv-00017-AJB-MDD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>**(Doc. No. 13)** |

  Before the Court is Plaintiff Anton Ewing's ("Plaintiff") motion for default judgment against Defendants PDX Capital Fund Corporation, and Abdiel Castellanos ("Defendants") for alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227(b) and (c), and California's Invasion of Privacy Act ("CIPA"), California Penal Code §§ 632.7 and 637.2. (Doc. No. 13.) For the reasons set forth below, the Court **DENIES** Plaintiff's motion.

### I. BACKGROUND

  Plaintiff filed a Complaint, claiming that Defendants violated the TCPA and CIPA by making illegal telemarketing calls to Plaintiff. Plaintiff alleges that Defendants called him two times using an automated telephone dialing system and recorded him without his consent.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) permits a court, following default by a defendant, to enter default judgment in a case. It is within the sound discretion of the district court to grant or deny an application for default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the Court considers the following factors, commonly referred to as the *Eitel* factors: (1) "the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (citation omitted).

Generally, once the court clerk enters default, the factual allegations of the complaint are taken as true, except for those allegations relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). However, although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

## III. DISCUSSION

Plaintiff requests the Court to grant his motion for default judgment for the calls that he alleges were in violation of the TCPA and CIPA, and seeks judgment in the amount of $24,000. (Doc. No. 13 at 4.) Dispositive here, under the second and third *Eitel* factors, the Court must examine whether the plaintiff has pled facts sufficient to establish and succeed on its claims. *See Eitel*, 782 F.2d at 1471. These factors require the complaint "state a claim on which the plaintiff may recover." *PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d

1172, 1175 (C.D. Cal. 2002). As more fully explained below, Plaintiff failed to state either a TCPA or CIPA claim, and therefore **DENIES** Plaintiff's motion.

### A.     TCPA

The TCPA makes it unlawful to use an automatic telephone dialing system ("ATDS") without the prior express consent of the called party, to call any cellular telephone. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 747 (2012). To sufficiently allege a violation of the TCPA, Plaintiff must plead two elements: (1) a call to a cellular telephone; (2) via an ATDS. *Robbins v. Coca-Cola-Co.*, No. 13-CV-132-IEG NLS, 2013 WL 2252646, at *2 (S.D. Cal. May 22, 2013). Pertinently, the Supreme Court held in *Facebook, Inc. v. Duguid* that the definition of an ATDS "requires that in all cases, whether storing or producing numbers to be called, the equipment in question must use a random or sequential number generator." 141 S. Ct. 1163, 1170 (2021). Equipment that does not use a random or sequential number generator is not an ATDS within the meaning of the TCPA. *Id.*

Here, Plaintiff claims: (1) that on January 2, 2020, Defendants contacted Plaintiff's telephone to solicit him to purchase its services, (2) that Defendants "used a 'Vicidial' ATDS system," and (3) that there was "a very distinct bubble popping sound at the beginning of the call that indicates an ATDS was used." (Doc. No. 1 at 5.) The Complaint, however, is devoid of factual allegations that establish or give rise to the reasonable inference that "Vicidial" is an equipment that stores or produces numbers using a random or sequential number generator. *See Facebook, Inc.* 141 S. Ct. at 1170. Rather, Plaintiff cites and relies on *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041 (9th Cir. 2018) for the proposition that "the statutory definition of ATDS includes a device that stores telephone numbers to be called, whether or not those numbers have been generated by a random or sequential number generator." (Doc. No. 1 at 13 n.2.) That Ninth Circuit holding, however, was abrogated by the Supreme Court. *Facebook, Inc.*, 141 S. Ct. at 1169. Considering that an ATDS must utilize a random or sequential number generator, the Court finds that Plaintiff has failed to allege facts sufficient to buttress his conclusory claim that Defendants

used an ATDS. Without more, the Court declines to find that Plaintiff has established this element of his TCPA claims. Accordingly, the Court finds that Plaintiff has not stated a legally sufficient claim under the TCPA, and **DENIES** Plaintiff's motion for default judgment on his TCPA claims.

## B. CIPA

CIPA is California's anti-wiretapping and anti-eavesdropping statute and is designed "to protect the right of privacy." Cal. Penal Code § 630. The Act provides for a civil action for damages based on violations of section 632 which prohibits recording a "confidential communication" "intentionally and without the consent of all of the parties." *Id.*; Cal. Penal Code § 637.2(a) ("Any person who has been injured by a violation of this chapter may bring an action against the person who committed the violation."). To state a claim for violation of § 632, the three elements that a plaintiff must plead are "(1) an electronic recording of (or eavesdropping on); (2) a 'confidential' communication; [where] (3) all parties did not consent." *Weiner v. ARS Nat'l Servs., Inc.*, 887 F. Supp. 2d 1029, 1032 (S.D. Cal. 2012) (citing *Flanagan v. Flanagan*, 27 Cal. 4th 766, 774–76 (2002)). Section 632(c) defines a "confidential communication" as including "any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto." Cal. Penal Code § 632(c). Excluded from protection are communications in "circumstance[s] in which the parties to the communication may reasonably expect that the communication may be overheard or recorded." *Roberts v. Wyndham Int'l, Inc.*, No. 12CV5083, 2012 WL 6001459, at *5 (N.D. Cal. Nov. 30, 2012).

Here, Plaintiff generally alleges that one of PDX's employees called him and "confessed, at the very end of the call, that the call was being recorded and that he did not disclose the fact of recording at any time prior to that." (Doc. No. 1 at 7.) The Complaint, however, does not indicate which of the two January calls this allegation pertains to, and the Court declines to assume that it pertains to both. The Court cannot assume that Plaintiff

can prove facts that he has not alleged.[1] *Associated Gen. Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). Without more, the Court declines to find that the Complaint contains well-pleaded allegations of a CIPA violation. Accordingly, the Court finds that Plaintiff has not stated a legally sufficient claim under CIPA, and **DENIES** Plaintiff's motion for default judgment on his CIPA claims.

## IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for default judgment against Defendants (Doc. No. 13), and **DIRECTS** the Clerk of Court to close this case.

**IT IS SO ORDERED**.

Dated:  October 4, 2021

Hon. Anthony J. Battaglia
United States District Judge

---

[1] In addition, the Court notes that the Complaint contains confusing and seemingly inconsistent allegations. In certain paragraphs, Plaintiff alleges that Defendants unlawfully called him "twice," and in others, he alleges that "[t]here were many calls." (Doc. No. 1 at 7, 8.) Plaintiff also specifically alleges that he "did not consent to, nor give permission for, the *subsequent* call made by Defendant PDX." (*Id.* at 8 (emphasis added).) This appears to indicate that Plaintiff consented to the first call and was therefore not unlawful. Not only that, Plaintiff's motion for default judgment is also inconsistent with his Complaint. There, Plaintiff claims for the first time that he received "3 calls." (Doc. No. 13 at 4.) The confusing nature of Plaintiff's pleadings makes it difficult to determine which circumstances give rise to his claims.